IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| United States of America ) | |
| ) | Cr. No.: 7:94-210-HMH |
| vs. ) | |
| ) | **OPINION & ORDER** |
| Jemal Walter Williams, ) | |
| ) | |
| Movant. ) | |

This matter is before the court on Jemal Walter Williams' ("Williams") motion to modify his term of imprisonment made pursuant to 18 U.S.C. § 3582(c)(2). Upon a careful review of Williams' motion, the record, and the relevant law, the court denies Williams' motion.

## I. Factual and Procedural Background

On May 12, 1994, Williams pled guilty to one count of possession with the intent to distribute cocaine base and one count of using a firearm during a drug trafficking offense. The court sentenced Williams to one hundred eighty months' (180) imprisonment on September 12, 1994. On June 26, 2001, Williams filed a motion for leave to file an out of time appeal or motion pursuant to 28 U.S.C. § 2255, which was denied by the court on July 3, 2001. United States v. Williams, C.A. No. 94-210 (D.S.C. July 3, 2001) (unpublished). Williams filed a motion to reconsider and a motion for reinstatement of his appeal rights based on the ineffective assistance of counsel on July 16, 2001. On August 29, 2001, the court denied the motion to reconsider and construed the motion for reinstatement of his appeal rights as a § 2255 motion, which the court dismissed as untimely. United States v. Williams,

1

C.A. No. 94-210 (D.S.C. Aug. 29, 2001) (unpublished). Williams filed this motion for modification of sentence on December 15, 2005.

## II. DISCUSSION OF THE LAW

Section 3582(c)(2) allows the court to reduce a defendant's sentence if it was based on a sentencing range which was subsequently lowered by an amendment to the United States Sentencing Guidelines ("U.S.S.G.") and if that reduction would be consistent with the policy set forth in the U.S.S.G. See 18 U.S.C. § 3582(c)(2) (West 2000). Section 1B1.10(a) of the U.S.S.G. states:

> Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2).

U.S.S.G. § 1B1.10(a) (2004).

Williams argues that the court is authorized to lower his sentence pursuant to U.S.S.G. Amendment 591. Williams asserts that his base offense level should be reduced from 34 to 12 pursuant to U.S.S.G. § 2D1.1(c)(14) because the indictment charged an "unspecified quantity of cocaine base." (Mot. 8.) Williams' base offense level of 34 resulted from Williams' being attributed 150 to 500 grams of cocaine base in the conspiracy. (Presentence Investigation Report at 5.) However, Amendment 591 provides Williams with no relief.

"Amendment 591 only applies to the selection of the relevant offense guideline, not the selection of a base offense level within the applicable offense guideline. . . ." United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005); United States v. Keating, No. 04-6066, 2004

WL 1327928, at *1 (4th Cir. June 15, 2004) (unpublished).[1] As discussed in Moreno, "Amendment 591 requires that the initial selection of the offense guideline be based only on the statute or offense of conviction rather than on judicial findings of actual conduct not made by the jury." Id. at 1219. This change was intended to

> clarify whether enhanced penalties provided by U.S.S.G. § 2D1.2 (relating to drug offenses near protected locations or involving underage or pregnant individuals) apply only where the offense of conviction is referenced to that guideline, or whether such enhanced penalties can be used whenever a defendant's relevant, uncharged conduct includes drug sales in a protected location or drug sales involving a protected individual.

Id. Thus, "Amendment 591 directs the district court to apply the guideline dictated by the statute of conviction, but does not constrain the use of judicially found facts to select a base offense level within the relevant guideline." Id. at 1219-20.

Williams was convicted of conspiracy to possess with the intent to distribute cocaine base in violation of 21 U.S.C. § 841. Williams' base offense level for this offense was determined based on the relevant guideline, U.S.S.G. § 2D.1, for a violation of 21 U.S.C. § 841. See Keating, 2004 WL 1327928, at *1 (noting that U.S.S.G. § 2D1.1 is the proper guideline for convictions under 21 U.S.C. § 841). As such, Williams is not entitled to a reduction of his sentence under Amendment 591.

---

[1] The court recognizes that, absent unusual circumstances, the citation of unpublished opinions by the Fourth Circuit is disfavored. See U.S. Ct. App. 4th Cir. Rule 36(c). However, because there is no published opinion in the Fourth Circuit on point, the court believes its reference to the above-mentioned case is appropriate.

It is therefore

**ORDERED** that Williams' § 3582(c)(2) motion is denied.

**IT IS SO ORDERED.**

                                           s/ Henry M. Herlong, Jr.
                                           United States District Judge

Greenville, South Carolina
December 22, 2005

### NOTICE OF RIGHT TO APPEAL

The movant is hereby notified that he has the right to appeal this order within ten (10) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.